Jeremy S. Golden (SBN 228007)
LAW OFFICES OF ERIC F. FAGAN
2300 Boswell Road, Suite 211
Chula Vista, CA 91914
Jeremy@efaganlaw.com
Phone: 619-656-6656; Fax: 775-898-5471
Attorney for Plaintiff Byeongyul Lim

FILED
07 DEC -4 AM 10:58
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

BYEONGYUL LIM, an individual;

Plaintiff

v.

ASSET & CAPITAL MANAGEMENT GROUP, a corporation; and DOES 1 through 10 inclusive,

Defendants.

Case No.: '07 CV 2273 W (RBB)

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Unlawful Debt Collection Practices)**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//

//



CR

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here.

## III. PARTIES

3. Plaintiff BYEONGYUL LIM is a natural person residing in California.

4. Defendant ASSET & CAPITAL MANAGEMENT GROUP ("ACMG") is a corporation doing business of collecting debts in California operating from an address at 17671 Irvine Blvd. Suite 207, Tustin, CA 92780.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff. When the true names and capacities of the DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a

"consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

11. On or about November 30, 2006, ACMG called LIM to collect a debt; this was the initial communication from ACMG to LIM.

12. ACMG did not send LIM a written notice within five days after the initial communication pursuant to 15 U.S.C. §1692g.

13. On or about December 5, 2006, and based on information and belief an employee or agent of ACMG called LIM's cell phone and falsely claimed to be an Internal Revenue Service employee with the name Dana Cortez and badge number 738649DGOV.

14. The person pretending to be an Internal Revenue Service employee asked for LIM's fax number, saying that she needed to send him a 1099 form, or words to that effect.

15. On or about December 11, 2006, ACMG called LIM's place of employment and told his Human Resources manager that the caller was a process server and was trying to reach LIM to send a sheriff to serve papers for a lawsuit, or words to that effect.

16. On or about December 11, 2006, ACMG had not filed a lawsuit against Plaintiff and did not have any papers to serve Plaintiff.

17. On or about December 12, 2006, ACMG again called LIM's place of employment and spoke to LIM's Human Resources manager.

18. On or about December 13, 2006, LIM sent a letter to ACMG via certified mail, return receipt requested, in which he disputed the debt, requested validation, and demanded that ACMG cease and desist all telephone communication.

19. On or about December 14, 2006, J. Hurst, an employee and agent of ACMG, signed for receipt of LIM's letter.

20. On or about December 15, 2006, ACMG sent a letter to LIM that stated that they received LIM's dispute, and that ACMG's letter "is an attempt to collect a debt."

21. The December 15, 2006, letter misrepresented the amount of the debt as "principal balance: $24,820.61, and current balance in full: $47,390.24."

22. The December 15, 2006, letter also falsely stated that "We [ACMG] absolutely obey and adhere to all collection laws governed by the Fair Debt Collections Practices Act, Fair Trade Commission and the Attorney General."

23. The December 15, 2006, letter also falsely stated that "We [ACMG] will supply you with proof of this debt as soon as we receive proof from our client, which will be approximately 90 days."

24. The December 15, 2006, letter was the first written communication from ACMG to LIM and did not contain the notices required by 15 U.S.C. §1692g or Cal. Civ. Code § 1812.700.

25. On or about January 19, 2007, ACMG sent a letter to LIM that misrepresented the amount of the debt as "principal balance: $24,820.61, and current balance in full: $47,390.24."

26. The January 19, 2007, letter also falsely stated that "We [ACMG] absolutely obey and adhere to all collection laws governed by the Fair Debt Collections Practices Act, Fair Trade Commission and the Attorney General."

27. The January 19, 2007, letter also included an affidavit from another collector (Unifund CCR Partners) stating that the debt was from a consumer named Troy Patten Worrell; the affidavit included statements that pertained to Mr. Worrell.

28. On or about January 23, 2007, LIM sent a letter to ACMG and told them that the affidavit he received was not his.

29. On or about January 24, 2007, Mr. Han, an employee and agent of ACMG, called LIM at work..

30. On or about January 24, 2007, following the phone call to LIM's office, Mr. Han sent a fax to LIM's place of employment titled "Settlement," including a purported credit card statement.

31. In or around April 2007 ACMG reported the alleged debt to a credit bureau and falsely stated the amount of the debt and did not report that the debt was disputed.

32. As a result of the acts alleged above LIM suffered anxiety, loss of

happiness, great stress, and worry.

33. The acts complained of above are part of a pattern and practice of harassment by Defendants.

## V. FIRST CLAIM FOR RELIEF

## (As against Defendants for Violation of the FDCPA)

34. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

35. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff ;

(b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

(c) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

(d) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(e) The Defendants violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had notified the debt collector in writing that the Plaintiff refuses to pay the debt and/or that the Plaintiff wishes the debt collector to cease further communication;

(f) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in

connection with the collection of the alleged debt;

(g) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

(h) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(i) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that was not intended to be taken;

(j) The Defendants violated 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed;

(j) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt;

(k) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

(l) The Defendants violated 15 U.S.C. § 1692e(11) by failing to include in the first communication the following warning: "This is an attempt to collect a debt and any information obtained will be used for that purpose;"

(m) The Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

(n) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

(o) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send the Plaintiff a validation notice within five days of the initial communication;

(p) The Defendants violated 15 U.S.C. § 1692g(b) by failing to cease collection activities as required by this section;

36. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

### (Against all Defendants for Violation of the Rosenthal Act)

37. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

38. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.12(a) by communicating with the Plaintiff's employer regarding the debtor's debt;

(b) The Defendants violated California Civil Code §1788.12(d) by communicating with the Plaintiff by means of a written communication which is intended both to be seen by any other person and also to embarrass the Plaintiff;

(c) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

(d) The Defendants violated California Civil Code §1812.700 by failing to include the notice required by this section.

39. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

41. Defendants' violations of the Rosenthal Act were willful and knowing.

Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; California Civil Code §1788.30(b) and §1788.30(c);

(d) For such other and further relief as the Court may deem just and proper.

Date: 12/4/07

Jeremy S. Golden,
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: 12/4/07

Jeremy S. Golden
Attorney for Plaintiff

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 145059 - SR

BY:

December 04, 2007
10:59:17

Civ Fil Non-Pris

USAO #.: 07CV2273 CIV. FIL.
Judge..: THOMAS J WHELAN
Amount.: $350.00 CK
Check#.: BC#1727

Total-> $350.00

FROM: BYEONGYUL V. ASSET & CAPITAL
MANAGEMENT GROUP
CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
07 DEC -4 AM 11:00
CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

## I. (a) PLAINTIFFS

BYEONGYUL LIM, an individual;

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Jeremy Golden Law Offices of Eric F Fagan; 2300 Boswell Rd. 211, Chula Vista, CA 91914, 619-656-6656

## DEFENDANTS

ASSET & CAPITAL MANAGEMENT GROUP, a corporation; and DOES 1 through 10 inclusive,

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'07 CV 2273 W (RBB)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 15 U.S.C. 1692

Brief description of cause: Various violations of the Fair Debt Collections Practices Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE 12/4/07 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 145059 AMOUNT 350. APPLYING IFP JUDGE MAG. JUDGE

12/4/07 [initials]