FILED
08 JAN 25 PM 4:22
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

ORIGINAL

FAXED

JOHN B. MARSHALL, ESQ., SBN 045601
LEWITT, HACKMAN, SHAPIRO,
MARSHALL & HARLAN
16633 Ventura Boulevard, 11th Floor
Encino, California 91436-1865
Telephone: (818) 990-2120
Telecopier: (818) 981-4764

Attorneys for Defendant ASSET & CAPITAL MANAGEMENT GROUP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BYEONGYUL LIM, an individual,

Plaintiff,

vs.

ASSET & CAPITAL MANAGEMENT GROUP, a corporation; and DOES 1 through 10, inclusive,

Defendants.

CASE NO: 07CV2273 W (RBB)

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF ASSET & CAPITAL MANAGEMENT GROUP**

Defendant ASSETS & CAPITAL MANAGEMENT GROUP (hereinafter "ACMG") for itself alone, responds to the complaint filed by Plaintiff BYEONGYUL LIM, as follows:

## I. INTRODUCTION

1. ACMG denies any and all damages, liability and wrongful conduct to the extent alleged in paragraph 1, and based thereon denies the same.

## II. JURISDICTION AND VENUE

2. ACMG lacks sufficient information to answer the allegations contained in paragraph 2, and based thereon denies the same.

## III. PARTIES

3. ACMG lacks sufficient information to answer the allegations contained in paragraph 3, and based thereon denies the same.



Law Offices
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
A LAW CORPORATION

[THIS DOCUMENT PRINTED ON RECYCLED PAPER]

4. ACMG admits the allegations contained in paragraph 4.

5. ACMG admits the allegations contained in paragraph 5.

6. ACMG denies any and all damages, liability and wrongful conduct to the extent alleged and ACMG lacks sufficient information to answer the allegations contained in paragraph 6, and based thereon denies the same.

7. ACMG lacks sufficient information to answer the allegations contained in paragraph 7, and based thereon denies the same.

8. ACMG lacks sufficient information to answer the allegations contained in paragraph 8, and based thereon denies the same.

9. ACMG lacks sufficient information to answer the allegations contained in paragraph 9, and based thereon denies the same.

10. ACMG lacks sufficient information to answer the allegations contained in paragraph 10, and based thereon denies the same.

## IV. FACTUAL ALLEGATIONS

11. ACMG lacks sufficient information to answer the allegations contained in paragraph 11, and based thereon denies the same.

12. ACMG lacks sufficient information to answer the allegations contained in paragraph 12, and based thereon denies the same.

13. ACMG denies the allegations contained in paragraph 13, and based thereon denies the same.

14. ACMG denies the allegations contained in paragraph 14, and based thereon denies the same.

15. ACMG denies the allegations contained in paragraph 15, and based thereon denies the same.

16. ACMG denies the allegations contained in paragraph 16, and based thereon denies the same.

17. ACMG denies the allegations contained in paragraph 17, and based thereon denies the same.

Law Offices
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
A LAW CORPORATION



[THIS DOCUMENT PRINTED ON RECYCLED PAPER]

18. ACMG lacks sufficient information to answer the allegations contained in paragraph 18, and based thereon denies the same.

19. ACMG lacks sufficient information to answer the allegations contained in paragraph 19, and based thereon denies the same.

20. ACMG lacks sufficient information to answer the allegations contained in paragraph 20, and based thereon denies the same.

21. ACMG lacks sufficient information to answer the allegations contained in paragraph 21, and based thereon denies the same.

22. ACMG lacks sufficient information to answer the allegations contained in paragraph 22, and based thereon denies the same.

23. ACMG lacks sufficient information to answer the allegations contained in paragraph 23, and based thereon denies the same.

24. ACMG lacks sufficient information to answer the allegations contained in paragraph 24, and based thereon denies the same.

25. ACMG lacks sufficient information to answer the allegations contained in paragraph 25, and based thereon denies the same.

26. ACMG lacks sufficient information to answer the allegations contained in paragraph 26, and based thereon denies the same.

27. ACMG lacks sufficient information to answer the allegations contained in paragraph 27, and based thereon denies the same.

28. ACMG lacks sufficient information to answer the allegations contained in paragraph 28, and based thereon denies the same.

29. ACMG lacks sufficient information to answer the allegations contained in paragraph 29, and based thereon denies the same.

30. ACMG lacks sufficient information to answer the allegations contained in paragraph 30, and based thereon denies the same.

31. ACMG lacks sufficient information to answer the allegations contained in paragraph 31, and based thereon denies the same.

Law Offices
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
A LAW CORPORATION



[THIS DOCUMENT PRINTED ON RECYCLED PAPER]

32. ACMG denies the allegations contained in paragraph 32.

33. ACMG denies the allegations contained in paragraph 33.

## V. FIRST CLAIM FOR RELIEF

34. ACMG incorporates by reference all of the foregoing denials.

35. ACMG denies any and all damages, liability and wrongful conduct to the extent alleged in paragraph 35 (a) through (p), inclusive, and based thereon denies all allegations contained therein.

36. ACMG denies any and all damages, liability and wrongful conduct to the extent alleged in paragraph 36, and based thereon denies all allegations contained therein.

## VI. SECOND CLAIM FOR RELIEF

37. ACMG incorporates by reference all of the foregoing denials.

38. ACMG denies any and all damages, liability and wrongful conduct to the extent alleged in paragraph 38 (a) through (d), inclusive, and based thereon denies all allegations contained therein.

39. ACMG denies the allegations contained in paragraph 39.

40. ACMG denies the allegations contained in paragraph 40.

41. ACMG denies the allegations contained in paragraph 41.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, ACMG alleges plaintiff's Complaint should be dismissed because plaintiff has failed to state a claim against ACMG upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, ACMG alleges to the extent that a violation(s) of law is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

**THIRD AFFIRMATIVE DEFENSE**

As a third affirmative defense, ACMG alleges Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of "unclean hands."

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth affirmative defense, ACMG alleges it has complied with the provisions of the Fair Debt Collection Practices Act, 15 U.S.C., §1692, *et seq*. and the California Rosenthal Act, *Civil Code* §1788 and ACMG is entitled to all defenses provided therein.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth affirmative defense, ACMG alleges that any purported damages allegedly suffered by Plaintiff result from the acts of third parties over whom ACMG had no control or responsibility.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth affirmative defense, ACMG alleges that any purported damages allegedly suffered by Plaintiff result from the acts and/or omissions of Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh affirmative defense, ACMG alleges that Plaintiff has failed to reasonably mitigate his/her damages.

**EIGHTH AFFIRMATIVE DEFENSE**

ACMG reserves the right to assert additional defenses as they become known.

**WHEREFORE**, ACMG respectfully requests that:

1. Plaintiff takes nothing by way of his/her Complaint;
2. Judgment of dismissal be entered in favor of ACMG;
3. ACMG be awarded costs and attorney's fees it has incurred in defending this lawsuit; and

///

*Law Offices*
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
A LAW CORPORATION



(THIS DOCUMENT PRINTED ON RECYCLED PAPER)

4. ACMG be granted such other and further relief as the court deems just and proper.

DATED: January 25, 2008

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN

By: [signature]
JOHN B. MARSHALL
Attorneys for Defendant ASSET & CAPITAL MANAGEMENT GROUP

Law Offices
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
A LAW CORPORATION

[THIS DOCUMENT PRINTED ON RECYCLED PAPER]

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over 18 years of age and am not a party to the within action or proceeding. My business address is 16633 Ventura Boulevard, 11th Floor, Encino, California 91436-1865.

On **January 25, 2008**, I served the foregoing document(s) described as: **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF ASSET & CAPITAL MANAGEMENT GROUP** on the interested party(ies) in this action at the following address, fax number or email address:

**Jeremy S. Golden, Esq.**
**LAW OFFICES OF ERIC F. FAGAN**
**2300 Boswell Road, Suite 211**
**Chula Vista, CA 91914**

☒ **(BY MAIL)** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and place the envelope for collection and mailing, following our ordinary business practices. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY)** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **(BY FACSIMILE)** I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the report confirming the fax transmission, which I printed out, is attached.

☐ **(BY EMAIL)** I caused the documents to be sent to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(PERSONAL SERVICE)** I personally delivered the documents to the person or at the person's office by leaving the documents in an envelope or package clearly labeled to identify the person being served with a receptionist or an individual in charge of the office.

EXECUTED on **January 25, 2008**, at Encino, California.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

MICHELE M. AVNES

*Law Offices*
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
A LAW CORPORATION

(THIS DOCUMENT PRINTED ON RECYCLED PAPER)

\\DS2\hsmh\MMA\12956-2\2RRS3R.doc